IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Lee Morales,<br><br>           Petitioner,<br><br>vs.<br><br>Lane Blair, et al.,<br><br>           Respondents. | No. CV 06-1866-PHX-FJM (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE

This case comes before the court on a Writ of Habeas Corpus filed by Petitioner pursuant to 18 U.S.C. §2254 (Doc. #1). In lieu of a Response, Respondents filed a Motion to Dismiss or Stay and Abey the Petition For Writ Of Habeas Corpus For Lack of Exhaustion with Available State Court Remedies (hereinafter, "Motion to Dismiss") (Doc. #15). Petitioner has filed a Response, titled as "Reply to Motion to Dismiss or Stay and Abey. Request Exception to the Exhaust Doctrine" (hereinafter, "Response") (Doc. #17), and Respondents have filed a Reply (Doc. #18).

**BACKGROUND**

Ronald Morales filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on July 31, 2006. Therein he raises three claims relating to his plea and sentencing in state court. The relevant procedural facts are as follows: on September 15, 1999, Petitioner

1  entered a change of plea to an Indictment in the Maricopa County Superior Court. (Motion
2  to Dismiss, at. 47-48.) He pled guilty to three felony counts: Count I, Illegally Conducting
3  an Enterprise, Count II, Conspiracy to Sell or Transport Narcotic Drugs, and Count III,
4  Attempted Possession for Sale of Narcotic Drugs. The plea agreement contained a
5  stipulation to a ten (10) year prison term on Count II, and a deferred sentence of probation
6  on Counts I and III, to commence upon his release from imprisonment. He was sentenced
7  on October 25, 1999, to 10 years of imprisonment on Count II, and probation on Counts I and
8  III, to commence upon his release from confinement on Count II. (Motion to Dismiss, at 22-
9  23.) Petitioner's sentence, therefore, was consistent with the stipulations contained in the
10 plea agreement.

11         Petitioner's three claims before this Court can be summarized as follows: as Claim I,
12 Petitioner argues that the imposition of probation to run consecutive to his prison sentence
13 violated the double jeopardy clause of the Fifth Amendment and its prohibition against
14 multiple prosecutions or punishment. In Petitioner's Claim II, he argues that the trial court
15 abused its discretion in denying his request for an evidentiary hearing on his claim that his
16 plea of guilty was involuntary. Both of these claims were presented by Petitioner in a Rule
17 32 post-conviction proceeding, and when denied, presented to the Arizona Court of Appeals
18 in a Petition for Review. After that was summarily denied, Petitioner sought, and was denied
19 review by the Arizona Supreme Court.

20         Petitioner's third grounds for relief, set forth in Claim III, is that his sentence violated
21 his Sixth Amendment right to have a jury find the existence of any particular fact that the law
22 makes essential to punishment. Because his stipulated sentence of ten (10) years was an
23 aggravated sentence under Arizona law, the sentencing judge necessarily had to find one or
24 more aggravating factors to justify the imposition of that sentence. Petitioner argues that
25 because some of the aggravating facts listed by the sentencing judge as supporting the
26 sentence were facts not found by a jury or admitted by him, those findings violated his rights
27 under the Sixth Amendment. Petitioner did not raise this issue in his first Rule 32 petition
28 before the state court, because his claim was based upon the United States Supreme Court

1    decision *Blakely v. Washington*, 542 U.S. 396 (2004).  He raised this "*Blakely*" issue by filing
2    a motion to reopen his Petition for Review to the Arizona Supreme Court.  That Petition had
3    just been denied by the Court ten (10) days earlier, on May 25, 2005.  His Motion to Reopen
4    was denied, and he subsequently filed a second Rule 32 petition, raising this *Blakely* claim.
5    That petition was denied, and is pending review in the Arizona Court of Appeals.  Petitioner
6    is due to be released from state prison on May 17, 2007 (Exhibit G, Reply.).

7         In Respondents' Motion to Dismiss, they assert that the habeas petition should be
8    dismissed as a "mixed petition" because Petitioner's Claim III is not exhausted; in the
9    alternative, Respondents requests that the Court enter an order that stays and abeys the
10   petition until the Arizona appellate court has concluded its review of the denial of Petitioner's
11   second Rule 32 petition.  In Petitioner's Response, he does not dispute that Claim III is
12   pending in the Arizona appellate court, and is therefore not exhausted, but asks the court to
13   deny the request to either dismiss or stay and abey his petition.  He argues, essentially, that
14   his petition should be exempt from the exhaustion requirement because he was diligent in the
15   prosecution of the claim, and the fact that the claim was not exhausted by the time of his
16   filing of his petition was the fault of the Arizona Court of Appeals.  In their Reply,
17   Respondents dispute Petitioner's claim that he has been diligent or that the Court of Appeals
18   is responsible for the delay, and request that the mixed-petition not be ordered exempt from
19   the exhaustion requirement.

## DISCUSSION

21        A federal district court may dismiss a petition for a writ of habeas corpus containing
22   any claims that have not been exhausted, a so-called "mixed-petition," in the state courts.
23   *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  Upon dismissal, it is appropriate to instruct the
24   petitioner "that upon his return to federal court he bring only exhausted claims."  *Slack v.*
25   *McDaniel*, 529 U.S. 473, 489 (2000)   Confirming the dictates of *Slack*, the U.S. Supreme
26   Court has recently held that if petitioner then returns with a fully exhausted petition, the
27   second petition "would not confront the 'second or successive' bar."  *Burton v. Stewart*, 127
28   S.Ct. 793, 798 (2007). There is no dispute here that a mixed-petition is at issue in this case.

Respondent asks in the alternative to dismissal, that the court consider entering an order staying the proceedings until Petitioner has exhausted his claim. Petitioner objects to both a dismissal and the stay request. The court has discretion to grant a stay if a petitioner can demonstrate good cause for failing to exhaust his claims, that the unexhausted claims are potentially meritorious, and that there is no evidence that petitioner is intentionally delaying the proceedings. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner makes no such showing; in fact, he objects to a stay. Respondents set forth in great detail in their Reply, facts which demonstrate that Petitioner does not have good cause for failing to exhaust his claims. The United States Supreme Court decided *Blakely* on June 24, 2004. Petitioner's first Rule 32 petition was pending before the Arizona Court of Appeals at that time. Petitioner did not raise the *Blakely* issue until nearly a year later, on June 2, 2005, when he filed a Motion to Re-Open his Appeal. At that time, however, his Petition for Review had already been denied. (Reply at 3-4.)

Neither party addresses the merits of claim III; the order by the trial court denying the second Rule 32 petition reads, in part, as follows:

> IT IS ORDERED dismissing the petition.
>
> This Order is based upon the following findings:
>
> 1. The Defendant has failed to show any colorable claim entitling him to post-conviction relief.
>
> 2. Because the Defendant raises his *Blakely* claim in a second Rule 32 petition filed on August 30, 2005, after his conviction had become "final" under the reasoning of *State v. Ward*, __Ariz.___, 118 P.3d 1122 (App. 2005), his case falls within the purview of authority holding that *Blakely* does not have retroactive effect on collateral review.
>
> 3. Even assuming that *Blakely* could be applied retroactively to the Defendant's case, the Defendant has not demonstrated that the Court's finding of aggravating factors did not constitute fundamental error resulting in prejudice.
>
> 4. Once a Jury finds or a Defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute. *State v. Martinez*, 210 Ariz. 578, 115 P.3d 618 (2005). Here the Defendant stipulated to a 10-year prison term on Count 2 and thereby explicitly and voluntarily agreed and exposed himself to that sentence. Additionally, no Sixth Amendment

- 4 -

>  violation occurred because the Court found at least one aggravating factor that was either *Blakely*-exempt (prior felony convictions) or *Blakely*-compliant (presence of accomplices and commission of the conspiracy for pecuniary gain established through the Defendant's guilty pleas to Counts 1, 2, and 3; amount of drugs involved and the Defendant's probation status established through the Defendant's admissions during the change of plea and sentencing hearings).
>
> 5. Even assuming that none of the aggravating factors satisfy *Blakely*, the Defendant has not shown that no reasonable Jury could have found the existence of at least one aggravating factor based upon the facts in the record.

(Motion to Dismiss, at 90-91.)

A case attached by Petitioner, as Exhibit F, to his Response, *State v. Martinez*, 209 Ariz. 280 (Ariz.Ct.App.2004), supports the trial judge's conclusions. The Arizona State Supreme Court affirmed the appellate court's decision, in part:

> The Sixth Amendment requires that a jury find beyond a reasonable doubt, or a defendant admit, any fact (other than a prior conviction) necessary to establish the range within which a judge may sentence the defendant. If, however, additional facts are relevant merely to the exercise of a judge's discretion in determining the specific sentence to impose on a defendant within a given statutory sentencing range, the Sixth Amendment permits the judge to find those facts by a preponderance of the evidence. Under 1. A.R.S. §13-702, the existence of a single aggravating factor exposes a defendant to an aggravated sentence. Therefore, once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute.

*State v. Martinez*, 210 Ariz. 528, 585 (2005), *cert den. Martinez v. Arizona*, 126 S.Ct. 762 (Nov. 28, 2005).

A stay in this case is not warranted under the facts and applicable law in this case. For the foregoing reasons, the court will recommend that Respondents' Motion to Dismiss be granted and that the request in the alternative to stay and abey be denied.

///

///

///

///

**IT IS THEREFORE RECOMMENDED**:

That the Motion to Dismiss or Stay the Petition for Writ of Habeas Corpus (Doc.#15) be **GRANTED IN PART** and **DENIED IN PART**: that the request for a stay be **DENIED,** and that the Petition be **DISMISSED WITHOUT PREJUDICE,** and that Petitioner be ordered that upon return to federal court, he present only exhausted claims.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 11th day of May, 2007.

Michelle H. Burns
United States Magistrate Judge